**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WALTER PAYTON,

      Plaintiff - Appellant,

v.

STATE OF KANSAS; 18TH JUDICIAL
DISTRICT COURT; JAMES
FLEETWOOD, Chief Judge; MARK
BENNETT, Chief District Attorney,

      Defendants - Appellees.

No. 17-3107
(D.C. No. 5:17-CV-03049-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves constitutional claims growing out of the Kansas

courts' application of a Kansas law (Kan. Stat. Ann. § 21-2512) to Mr.

Payton. Under this law, individuals convicted of rape can petition for new

DNA testing of biological material.

---

[*]    We conclude that oral argument would not materially help us to
decide this appeal. As a result, we are deciding the appeal based on the
briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Mr. Payton filed a petition under this law;[1] but the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review. These decisions led Mr. Payton to file a federal habeas petition, but the federal courts declined to order habeas relief.

So, Mr. Payton invoked 42 U.S.C. § 1983, suing a Kansas judge and prosecutor for violating the U.S. Constitution by misapplying § 21-2512. The federal district court dismissed the constitutional claims for failure to state a valid cause of action. We agree with this ruling.[2]

Mr. Payton's constitutional claims stem from a misunderstanding about the Kansas law. This law would authorize DNA testing only if Mr. Payton's biological material "was not previously subjected to DNA testing" or could be retested with new DNA techniques likely to be more accurate and probative. Kan. Stat. Ann. § 21-2512(a)(3). If the new DNA tests were to favor Mr. Payton in a way that is material to the conviction, the Kansas district court would need to conduct a hearing. At that point, § 21-2512(f)(2) would allow the Kansas district court to grant relief such

---

[1]    *See State v. Payton*, No. 99,293, 198 P.3d 212, 2009 WL 77911, at *1 (Kan. Ct. App. Jan. 9, 2009) (per curiam) (unpublished).

[2]    In federal district court, a magistrate judge proposed to treat Mr. Payton's § 1983 action as another habeas action. In response, Mr. Payton appeared to question that treatment, pointing out that he had sued under § 1983 rather than file another habeas petition. The district judge observed that it would have lacked jurisdiction to grant habeas relief. In the appeal, Mr. Payton has not questioned the district judge's conclusion regarding a potential habeas claim.

2

as vacating the conviction, deeming the sentence discharged, ordering a new sentencing proceeding, granting a new trial, or granting other relief that serves the interests of justice. Kan. Stat. Ann. § 21-2512(f)(2).

Mr. Payton appears to misunderstand the Kansas law, for

- it would not apply under his version of the facts and

- even if the law were applicable, favorable DNA results would not necessarily require relief from the rape conviction or sentence.

Mr. Payton states that before his trial, DNA tests showed that he had not committed rape. But Mr. Payton says that the state judge and prosecutor explained the results away with false testimony that the rapist had used a condom.

In this appeal, Mr. Payton clarifies that he does not want new DNA tests. Appellant's Br. at 2 ("Payton is not seeking DNA testing just wants DNA testing already performed to apply KSA 21-2512."). Why should he want further testing? After all, he insists that the prior DNA tests have already shown his innocence.

But the Kansas law's remedies apply only if a petitioner obtains new DNA tests for biological material that was previously untested or that is later subject to better forms of testing. *See State v. Lackey*, 286 P.3d 859, 864 (Kan. 2012) ("K.S.A. 21-2512 contemplates the necessity for new or different DNA testing, not the further analysis of previous test results."). Without new DNA tests, the law's remedies would not be triggered. Thus,

3

§ 21-2512 would not apply even if the Kansas district court had credited Mr. Payton's allegations.

But even if § 21-2512 had been triggered, it would not have required the Kansas courts to disturb the conviction or sentence. Mr. Payton contends that on a favorable DNA test, the Kansas district court must order one of the remedies listed in § 21-2512(f)(2). But Kansas's Supreme Court has squarely rejected this interpretation, holding that favorable DNA results do not necessarily entitle a petitioner to any of the remedies in § 21-2512(f)(2). *Haddock v. State*, 286 P.3d 837, 848-49 (Kan. 2012). Thus, Mr. Payton's theory rests on a misinterpretation of the Kansas law.

\* \* \*

In our view, Mr. Payton's constitutional claims are based on a misunderstanding of the Kansas law. It would not apply here, where Mr. Payton has expressly disavowed the need for further DNA testing. And even if the law had been triggered, it would not necessarily have required the Kansas courts to order one of the remedies listed in § 21-2512(f)(2). Thus, we affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4